Ignacio PENALOZA–ALCANTAR; Maria Guadalupe Ortuno–Ramos; Gloria Penaloza–Ortuno, Petitioners,

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**Nos. 06–74032, 06–75840.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 14, 2009.*

Filed Sept. 28, 2009.

Jessica Dominguez, Esquire, Law Offices of Jessica Dominguez, Studio City, CA, for Petitioners.

CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Leslie McKay, Esquire, Senior Litigation Counsel, OIL, U.S. Department of Justice, Washington, DC, for Respondent.

Before: SILVERMAN, RAWLINSON, and CLIFTON, Circuit Judges.

MEMORANDUM **

In these consolidated petitions for review, Ignacio Penaloza–Alcantar, his wife Maria Guadalupe Ortuno–Ramos, and their daughter Gloria Penaloza–Ortuno, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

their appeal from an immigration judge's ("IJ") removal order and denying their motion to remand, and its subsequent order denying reconsideration. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of motions to reopen and reconsider, and de novo claims of due process violations, including claims of ineffective assistance of counsel in immigration proceedings. *Mohammed v. Gonzales*, 400 F.3d 785, 791–92 (9th Cir.2005). We deny the petitions for review.

In the opening brief, petitioner Gloria Penaloza–Ortuno does not challenge the agency's finding that she is ineligible for cancellation of removal because she lacks a qualifying relative. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996) (holding issues which are not specifically raised and argued in a party's opening brief are waived).

We agree with the BIA's conclusion in its July 19, 2006, order denying the motion to remand that petitioners presented insufficient evidence to establish prejudice, and thus their claim of ineffective assistance of counsel fails. *See Rojas–Garcia v. Ashcroft*, 339 F.3d 814, 826 (9th Cir.2003) (to prevail on an ineffective assistance of counsel claim a petitioner must demonstrate prejudice).

Petitioners fail to address, and therefore have waived any challenge to, the BIA's November 30, 2006, decision denying reconsideration. *See Martinez–Serrano*, 94 F.3d at 1259–60.

**PETITIONS FOR REVIEW DENIED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.